UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRED ABOOSAMARA,

Plaintiff,

v. Case No: 2:25-cv-1100-JES-NPM

CISOLIFT DISTRIBUTION USA, INC.,

Defendant.

---

**OPINION AND ORDER**

This matter came before the Court on consideration of defendant's Motion to Dismiss Complaint for Improper Venue (Doc. #9) filed on December 3, 2025. Plaintiff filed a Response in Opposition (Doc. #19) on January 14, 2026. The case was removed based upon the presence of a diversity of citizenship between the parties and an amount in controversy in excess of $75,000. (Doc. #1, ¶ 15.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

On September 17, 2025, Plaintiff Fred Aboosamara (plaintiff), domiciled in Florida, filed suit in Lee County Circuit Court, Florida, alleging retaliatory discharge under Florida law, Fla. Stat. § 440.205, by Cisolift Distribution USA Incorporated (defendant) after he attempted to file a worker's compensation

claim, and two counts for unpaid wages and reasonable attorney fees (Fla. Stat. § 448.08) under common law and for breach of contract. The Complaint generally states that the "acts or omissions giving rise to this Complaint occurred in whole or in part in Lee County, Florida." (Doc. #4, ¶ 4.) On November 26, 2025, Defendant, incorporated in Delaware with a principal place of business in St-Germain-de-Grantham, Quebec, Canada, filed a Notice of Removal (Doc. #1) on the basis of diversity of citizenship and an amount in controversy exceeding $75,000. The Court is satisfied that the parties are diverse.

**1. Workers' Compensation Act**

In Count I, plaintiff seeks back wages from the date of discharge, front wages, and compensatory mental damages for his wrongful discharge from employment for having requested worker's compensation benefits for a workplace injury. (Doc. #4 at ¶¶ 17-30.) Relief is sought under Florida's Workers' Compensation Law providing that "[n]o employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law." Fla. Stat. § 440.205. A claim under this statute is not "viable in the absence of the filing of a workers' compensation claim or an affirmative attempt or threat to do so." Juback v. Michaels Stores, Inc., 143 F. Supp. 3d 1195, 1204 (M.D. Fla. 2015) (collecting cases).

"A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). "[U]nder section 1445(c), a district court lacks subject-matter jurisdiction to review a retaliation claim arising out of state workers' compensation laws." Alansari v. Tropic Star Seafood Inc., 388 F. App'x 902, 905 (11th Cir. 2010) (citating Reed v. Heil Co., 206 F.3d 1055, 1060-61 (11th Cir. 2000); In re Trusted Net Media Holdings, LLC, 550 F.3d 1035, 1042 (11th Cir. 2008) (subject-matter jurisdiction involves a court's power to hear a case and can never be forfeited or waived)). The Court finds that Count I, at the very least, must be remanded to the state court.

**2. Amount in Controversy**

A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). A civil action brought in state court may be removed to a district court having original jurisdiction. 29 U.S.C. § 1441(a). One such basis for removal is diversity of citizenship under 28 U.S.C. § 1332. Under this statute, district courts have original jurisdiction over civil cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the parties are citizens of different states. 28 U.S.C. § 1332(a)(1). As the party seeking federal jurisdiction, the burden is upon defendant

to establish diversity jurisdiction, including the amount in controversy, as of the date of removal. Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003); Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1317 (11th Cir. 2017).

The Complaint (Doc. #4) alleges that it is an action for damages in excess of $50,000. (Id. at ¶ 3.) Plaintiff commenced his employment as a Service Writer for a yearly salary of $85,000, when he realized he was only being paid $80,000.44. (Id. at 8-9, 45.) Plaintiff underpaid $192.29 per pay period that he worked for defendant. (Id. at 37.) Plaintiff seeks statutory reasonable attorney's fees and costs. (Id. at 38.) "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). "[U]nder any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000) (quoting Allen v R&H Oil Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

The Notice of Removal relies on initial disclosures made prior to removal indicating damages sought as follows: an "unpaid wage

differential" of $96.16 per week for 13 weeks for a total of $1,250.08; backpay for 14 weeks totaling $29,423.16; front pay at a rate of $1,634.62 per week; emotional distress damages; and punitive damages if discovery shows they should be included. (Doc. #1-3, pp. 94-95.) It is not immediately clear that the amount in controversy is met.

**3. ORDER TO SHOW CAUSE**

"Federal courts are courts of limited jurisdiction." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted). "They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (collecting cases). Removal jurisdiction is construed narrowly and any doubts regarding the Court's jurisdiction are resolved in favor of the non-removing party. Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).

As previously noted, Count I must be remanded and alternatively the Court finds that the amount in controversy is not met. Additionally, the Court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-- **(1)** the claim raises a novel or complex issue of State law, **(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, **(3)** the district court has dismissed all claims over which it has original

jurisdiction, or **(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). The Court is not inclined to maintain jurisdiction over the remaining claims where state law dominates over all the claims.

Accordingly, it is hereby

**ORDERED:**

Defendant shall show cause why the case should not be remanded, and the parties may both respond within **SEVEN (7) DAYS** of this Order on why subject matter jurisdiction is present.

**DONE and ORDERED** at Fort Myers, Florida, this 28th day of January 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record