UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRED ABOOSAMARA,

      Plaintiff,

v.                       Case No:  2:25-cv-1100-JES-NPM

CISOLIFT  DISTRIBUTION  USA,
INC.,

      Defendant.

_____

### **OPINION AND ORDER**

On January 28, 2026, the Court issued an Opinion and Order (Doc. #25) directing defendant to show cause why Count I, a worker's compensation retaliation claim, should not be remanded to state court and alternatively finding that the amount in controversy does not appear to be satisfied.  On February 4, 2026, defendant filed a Response (Doc. #26) arguing that the Court has subject matter jurisdiction.  Plaintiff did not file a motion or response.

As previously noted, "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  28 U.S.C. § 1445(c).  Defendant argues, based on authority outside of the Eleventh Circuit, that the Court nonetheless has subject matter jurisdiction despite 28 U.S.C. § 1445(c).  Defendant argues that § 1445(c) is not a jurisdictional statute but rather is a

procedural provision.  As such, defendant argues, the Court cannot *sua sponte* remand the case, and since plaintiff did not file a timely motion to remand, he has waived the procedural defect, and the Court must proceed with the case as removed.

It is certainly correct that a district court cannot remand a removed case based upon a non-jurisdictional procedural defect unless plaintiff has filed a timely motion to remand.  A procedural defect in removal, without more, cannot support a sua sponte remand.  Wilson v. Hearos, LLC, 128 F.4th 1254, 1260 (11th Cir. 2025) ("[A] defect other than lack of subject matter jurisdiction can only be raised through a party's motion and not *sua sponte* by the district court.").  As defendant correctly points out, plaintiff has filed no such motion in this case.  Therefore, even though defendant clearly violated § 1445(c) by its removal, the case cannot be remanded unless § 1445(c) is a jurisdictional provision.

The Eleventh Circuit has found that § 1445(c) is a jurisdictional statute.  "We have concluded that, under section 1445(c), a district court lacks subject-matter jurisdiction to review a retaliation claim arising out of state workers' compensation laws."  Alansari v. Tropic Star Seafood Inc., 388 F. App'x 902, 905 (11th Cir. 2010) (citing Reed v. Heil Co., 206 F.3d

- 2 -

1055, 1060-61 (11th Cir. 2000)[1]; In re Trusted Net Media Holdings, LLC, 550 F.3d 1035, 1042 (11th Cir. 2008) (subject-matter jurisdiction involves a court's power to hear a case and can never be forfeited or waived)).  "Because the district court lacked subject-matter jurisdiction over Alansari's state workers' compensation retaliation claim, we conclude that it erred in refusing to remand the claim to state court."  Id. (citing Reed, 206 F.3d at 1061 (requiring remand when district court exercised jurisdiction over state workers' compensation claim)).  The worker's compensation retaliation claim must be severed from the other claims[2] and remanded to state court.  See Session v. Deloach, No. 3:23-CV-170-MMH-PDB, 2023 WL 2139274, at *1 (M.D. Fla. Feb. 21, 2023); Marcus v. Titan Am., LLC, No. 8:22-CV-1135-WFJ-AAS, 2023 WL 6541024, at *1 (M.D. Fla. Oct. 6, 2023).  Brooks v. SeaDream Yacht Club, Inc., No. 8:21-CV-1583-SDM-JSS, 2022 WL 22434725, at *1 (M.D. Fla. Jan. 19, 2022); Frazier-White v. Gee, No. 8:13-CV-1854-T-36TBM, 2015 WL 1648551, at *14 (M.D. Fla. Apr. 14, 2015), aff'd, 818 F.3d 1249 (11th Cir. 2016).

---

[1] In Reed, the Eleventh Circuit found that Alabama's retaliatory discharge action arose under that state's worker's compensation laws and therefore the district court had no jurisdiction over the claim.  The lower court was instructed to remand the claim back to state court.  Reed v. Heil Co., 206 F.3d 1055, 1060 (11th Cir. 2000).

[2] The Court is satisfied with defendant's showing as to the jurisdictional amount.

Accordingly, it is hereby

**ORDERED:**

1. The workers' compensation retaliation claim (Count I) is **SEVERED and REMANDED** to the Twentieth Judicial Circuit in and for Lee County, Florida.

2. The Clerk shall transmit the case as to Count I only to the Clerk of that court.

**DONE and ORDERED** at Fort Myers, Florida, this ___2nd___ day of March 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Counsel of Record

- 4 -