UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRED ABOOSAMARA,

      Plaintiff,

v.                        Case No:  2:25-cv-1100-JES-NPM

CISOLIFT  DISTRIBUTION  USA,
INC.,

      Defendant.

---

**OPINION AND ORDER**

This matter comes before the Court on defendant Cisolift Distribution USA, Inc.'s Motion to Dismiss Complaint for Improper Venue (Doc. #9) filed on December 3, 2025.  Plaintiff Fred Aboosamara filed a Response in Opposition (Doc. #19) on January 14, 2026, and defendant filed a Reply in Support (Doc. #30) on February 23, 2026, with leave of Court.  For the reasons stated below, the motion is granted.

**I.**

Fred Aboosamara (plaintiff or Aboosamara) was employed as a Service Writer by Cisolift Distribution USA Incorporated (defendant or Cisolift USA) from on or about April 8, 2025, through July 7, 2025, when he sustained severe injuries to his left shoulder from a work-related accident occurring in Lee County, Florida.  (Doc. #4.)  On September 17, 2025, Aboosamara filed a

three-count Complaint against Cisolift USA in Florida state court alleging state law claims of retaliatory discharge under workers compensation law and two counts of unpaid wages.  On November 26, 2025, Cisolift USA filed a Notice of Removal (Doc. #1) based on diversity of citizenship and an amount in controversy exceeding $75,000.  On March 2, 2026, the Court severed Count I (workers compensation retaliation) from the case and remanded Count I to the Twentieth Judicial Circuit Court.  (Doc. #31.)  Cisolift USA seeks dismissal of the remaining two counts pursuant to a forum selection clause in an Employment Agreement signed by Aboosamara. (Doc. #9.)

## II.

Venue in the Middle District of Florida is clearly proper under 28 U.S.C. § 1391(b).  The Court is not rendered a "wrong" or "improper" court within the meaning of 28 U.S.C. § 1406(a) or Fed. R. Civ. P. Rule 12(b)(3), and the case may not be dismissed pursuant to these provisions "irrespective of any forum-selection clause."  Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 56-57 (2013).  Cisolift USA's reliance on Fed. R. Civ. P. 12(b)(3) and pre-Atlantic Marine case law, doc. #9, pp. 7-8, 11, is therefore misplaced.  See Don't Look Media LLC v. Fly Victor Ltd., 999 F.3d 1284, 1295 (11th Cir. 2021) (noting that "it was procedurally improper for the defendants to seek to

- 2 -

enforce the forum selection clauses by means of a Rule 12(b)(3) motion to dismiss for improper venue rather than by filing a motion to dismiss for *forum non conveniens*").   Nonetheless, it is not improper to seek to enforce a forum selection clause by a motion to dismiss so long as relief is not based on Rule 12(b)(3).   Id. at 1296.   Recognizing this, defendant's Reply responds to the *forum non conveniens* arguments.   (Doc. #30.)

A forum-selection clause may be enforced pursuant to a motion to transfer under § 1404(a).   Atl. Marine, 571 U.S. at 59.   When a transfer is not possible, "'the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*.'" AQuate II LLC v. Myers, 100 F.4th 1316, 1322 (11th Cir. 2024) (quoting Atl. Marine, 571 U.S. at 60)).   "*Forum non conveniens* is a flexible, common law doctrine that provides a district court with inherent power to decline to hear a case in which there is proper jurisdiction and venue. [] 'The central purpose of any forum non conveniens inquiry is to ensure that the trial is convenient.'" Usme v. CMI Leisure Mgmt., Inc., 106 F.4th 1079, 1085 (11th Cir. 2024) (internal citations omitted). "[C]ourts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." Atl. Marine, 571 U.S. at 61 (citation omitted).

"Forum selection clauses in contracts are enforceable in federal courts," and where federal jurisdiction is based upon diversity of citizenship, enforcement of an international forum selection clause is governed by federal law. P & S Bus. Machines, Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 28–29 (1988)). See also AQuate II, 100 F.4th at 1323.  Neither party has asserted that Florida law is different than federal law as to enforcement of a forum selection clause, so "the court can apply state and federal law harmoniously to the issue at hand."  Rucker v. Oasis Legal Fin., L.L.C., 632 F.3d 1231, 1236 (11th Cir. 2011) (citation omitted).

"Ordinarily, to obtain dismissal for *forum non conveniens*, 'the moving party must show that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice.'" AQuate II, 100 F.4th at 1322 (citation omitted).  But when there is a valid forum-selection clause, "[t]he calculus changes." Atlantic Marine, 571 U.S. at 63.

> Where there is a valid forum-selection clause, however, the *forum non conveniens* analysis is modified in three consequential ways. First, "the plaintiff's choice of forum merits no weight." Atl. Marine, 571 U.S. at 63. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing

- 4 -

that dismissal for *forum non conveniens* is unwarranted. See id. Second, a court should not consider arguments about the parties' private interests and "must deem the private-interest factors to weigh entirely in favor of the preselected forum." Id. at 64. Third, a "court in the contractually selected venue should not apply the law of the transferor venue to which the parties waived their right," and this in turn may affect the public-interest considerations. See id. at 65-66.

As a result, the Supreme Court has said that the existence of a valid and enforceable forum-selection clause is essentially dispositive in the *forum non conveniens* analysis. See id. at 62-64 (explaining that "the practical result" of a forum-selection clause is that the clause "should control except in unusual cases"). [] This is so because "when parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." Id. at 66.

Usme, 106 F.4th at 1086 (citation omitted). Use of this modified analysis presupposes "the existence of an agreement between the parties containing an enforceable forum selection clause." Id. at 1087.

A federal court must therefore consider the enforceability of a forum selection clause before applying the modified *forum non conveniens* analysis directed by Atl. Marine. AQuate, 100 F.4th at 1323. A forum-selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972) (collecting cases). See also Krenkel v. Kerzner Int'l Hotels Ltd., 579 F.3d 1279, 1281 (11th Cir. 2009). The Court looks to four non-exclusive factors to

evaluate whether a forum-selection clause should be invalidated: "(1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." Krenkel, 579 F.3d at 1281 (citation omitted). "These factors will rarely invalidate a forum-selection clause, which is, after all, a contract between two parties. [] But if a party can show that 'trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court,' the forum-selection clause will not be enforceable." AQuate, 100 F.4th at 1323 (citations omitted).

### III.

Both remaining claims in the Complaint concern wages allegedly owed under the Employment Agreement. The Employment Agreement (Doc. #9-2) is between Cisolift Distribution Inc., "a legally incorporated corporation having its head office at 194, Sylvestre Street, Saint-Germain-de-Grantham, Quebec, J0C 1K0", and Fred Aboosamara of Cape Coral, Florida. (Id., p. 3.) Section 12 of the Employment Agreement is a "Non-Solicitation Clause." The final sub-clause of this section states: "**12.4** Given that CISOLIFT is located in the judicial district of Drummond, all proceedings

or lawsuits related to this employment contract must be filed in this district." (Id. at 10.) This forum selection clause is mandatory, that is, it "dictates an exclusive forum for litigation under the contract." Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1272 (11th Cir. 2004) (citation omitted). The Employment Agreement was signed by Aboosamara on April 22, 2025, but was not signed by Cisolift or Cisolift USA (which is not mentioned in the Employment Agreement).

## A. Enforceability of Forum Selection Clause

Plaintiff asserts that the Court should apply the traditional *forum non conveniens* analysis to determine whether his Complaint should be dismissed. Plaintiff argues that the forum selection clause is not valid because it is vague as to the location of "Drummond;" Cisolift USA was not a party to the Employment Agreement and therefore cannot enforce it; and an unrelated provision (Section 14) renders the whole Employment Agreement invalid because there is no severability clause. (Doc. #19, pp. 7-14.)[1] The Court is not persuaded.

Plaintiff first argues that forum selection clause is vague as to the location of "Drummond" and is therefore unenforceable.

---

[1] Plaintiff also argues that the workers compensation retaliation claim does not fall within the scope of the forum selection clause (Doc. #19, p. 10), but that claim is no longer before the Court.

(Doc. #19, p. 7, n.2.)  But § 12.4 states that "CISOLIFT is located in the judicial district of Drummond," and the Employment Agreement earlier states that Cisolift Distribution Inc. is "a legally incorporated corporation having its head office at 194, Sylvestre Street, Saint-Germain-de-Grantham, Quebec, JOC 1K0".  (Doc. #9-2, p. 3.)  The Employment Agreement sufficiently informs plaintiff that he is agreeing to resolve any disputes in the judicial district of Drummond in Quebec.  Plaintiff does not argue that he did not know Quebec was in Canada, and his recent internet search of "Drummond District" does not create vagueness where none existed.

Plaintiff next argues that Cisolift USA was not a party to the Employment Agreement and therefore cannot enforce it. (Doc. #19, pp. 10-12.)  Defendant replies that Cisolift USA is a wholly owned subsidiary of the signatory, Cisolift Distribution, and both were involved in plaintiff's employment.  (Doc. #30, p. 7.)

"In order to bind a non-party to a forum selection clause, the party must be 'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound." Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1299 (11th Cir. 1998) (citations omitted).  The Declaration of Pascal LeClerc states that Cisolift USA and Cisolift Distribution both fall under the Cisolift Group, and all decisions regarding compensation and

termination with and by Cisolift USA flow from the decision-making authority of Cisolift Group senior management.  (Doc. #9-1, ¶¶ 2, 7.)   While employed, plaintiff reported directly to the Vice-President of Operations for the Cisolift Group.   (Id. at 9.) Plaintiff does not dispute these facts but points out that LeClerc has more contacts with Florida than otherwise appears.  (Doc. #19, p. 15, n.5.)  This satisfies the "closely related" standard.  But even without considering these factual details, the fact remains that Plaintiff sued Cisolift USA asserting that it is bound by the Employment Agreement as to his unpaid wages. (Doc. #4, ¶¶ 43-46.)

Finally, Plaintiff argues that the forum selection clause is invalid under Florida law because an unrelated provision (Section 14. Compliance With Laws) "can be read" to improperly waive entitlement to workers compensation benefits.  Since there is no severability clause, Plaintiff argues this renders the entire Employment Agreement invalid.

But again, Plaintiff is attempting to enforce the Employment Agreement as to his wages and cannot have it both ways. Additionally, the scenario which could make § 14 unlawful is not alleged to have occurred in the claims before the Court.  The forum selection clause is not invalid under Florida law.

**B. Application of Modified *Forum Non Conveniens* Analysis**

Having determined that the forum selection clause is enforceable, the Court rejects plaintiff's argument that the traditional analysis must be applied. (Doc. #19, pp. 14-22.) Plaintiff's choice of forum is entitled to no weight, and Plaintiff has not established that dismissal for *forum non conveniens* is unwarranted. Usme, 106 F.4th at 1086 (citing Atl. Marine at 63). The private interests of the parties should not be considered, and such private-interest factors are deemed to weigh entirely in favor of the pre-selected forum. Id. The existence of a valid and enforceable forum-selection clause is dispositive in the *forum non conveniens* analysis.

**C. Reasonableness of Forum Selection Clause**

Relying on Florida law, Plaintiff argues in the alternative that the forum selection clause is unenforceable because its application is unreasonable. (Doc. #19, pp. 17-19.) Plaintiff asserts that the forum selection clause stemmed from unequal bargaining power between the parties, and requiring litigation in Quebec, Canada would effectively deprive him of his day in court by imposing "substantial travel, lodging, legal translation, and procedural burdens that are not reasonably foreseeable or manageable." (Id. at 18-19.)

- 10 -

Plaintiff has not shown that the forum selection clause is unreasonable. Plaintiff was not compelled to sign the Employment Agreement and could simply have not accepted employment. Additionally, "[t]he financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause." P & S Bus. Machines, Inc., 331 F.3d at 807 (collecting cases).

**D. Removal Statute Conclusively Establishes Venue in Florida**

Finally, Plaintiff argues that because Cisolift USA removed his case from state court, the federal removal statute "conclusively establishes venue in Florida" and "a defendant cannot move to dismiss on § 1391 venue grounds." (Doc. #19, pp. 19-20.)

It is certainly true that the removal statute restricts the venue to which a case filed in state court may be removed.

> In removed actions the general venue provision, 28 U.S.C. § 1391, does not apply. Instead, § 1441(a), by requiring removal to the district court for the district in which the state action is pending, properly fixes the federal venue in that district. Thus, once a case is properly removed to federal court, a defendant cannot move to dismiss on § 1391 venue grounds.

Hollis v. Florida State Univ., 259 F.3d 1295, 1299 (11th Cir. 2001) (citations omitted). This does not preclude, however, a motion to transfer or dismiss based on a forum selection clause or other reasons. Id. at 1300 ("This does not mean that a defendant in a

- 11 -

removed action is left without options if it believes that the case can be better litigated and tried in another division or district…. [A] defendant can seek a transfer under § 1404(a)." (citation omitted)).  Plaintiff's arguments to the contrary are rejected.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Dismiss Complaint for Improper Venue (Doc. #9) is **GRANTED**.  The case is dismissed without prejudice based on the forum selection clause.

2. The Clerk shall terminate all pending matters and close the case.

**DONE and ORDERED** at Fort Myers, Florida, this __6th__ day of April 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 12 -